Rivera Pérez, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
Mediante el presente recurso se solicita de esta Curia la revocación de una resolución emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina, el 11 de septiembre de 1998, notificada a las partes el 18 de septiembre de 1998. En dicho dictamen, el Tribunal declaró no ha lugar una solicitud *909 de sentencia sumaria presentada por la parte demandante, aquí peticionaria, Universal Insurance Co. No estando conforme con la anterior decisión, la parte demandante acude ante nos. Se deniega la expedición del auto solicitado.
I
El 1 de octubre de 1997, la aquí peticionaria, Universal Insurance Co., presentó demanda contra la parte aquí recurrida ante el Tribunal de Primera Instancia, Sub-sección de Distrito, Sala de Carolina. En la referida demanda la peticionaria alegó que en la tarde del 16 de julio de 1996, mientras la señora Ana D. Alemán Figueroa manejaba su automóvil por la Carretera Número 3 del Municipio de Carolina, el mismo fue impactado en la parte posterior por un vehículo conducido por la co-demandada, señora Enid Rosado Torres. Adujo que la anterior situación provocó que el auto de la señora Ana D. Alemán Figueroa fuera impulsado repentinamente e impactara, a su vez, al que transitaba frente a su vehículo de motor. Según la parte aquí peticionaria, la referida colisión se debió única y exclusivamente a la negligencia y falta de cuidado desplegado por la co-demandada, aquí recurrida, señora Enid Rosado Torres, al conducir, lo cual ocasionó daños al automóvil de la señora Ana D. Alemán Figueroa, ascendentes a la suma de cuatro mil ciento seis dólares con treinta y dos centavos ($4,106.32).
Debido a que al momento de la ocurrencia del accidente en cuestión la parte demandante, aquí peticionaria, Universal Insurance Co., tenía una póliza de seguro vigente a favor del vehículo de la señora Ana D. Alemán Figueroa, dicha compañía pagó a ésta la totalidad de los daños sufridos. En virtud de ello, la compañía aquí peticionaria, subrogándose en el lugar de la asegurada, presentó la causa de acción de epígrafe contra: (a) la conductora del automóvil que alegadamente ocasionó el accidente, la co-demandada, señora Enid Rosado Torres; (b) la sociedad legal de gananciales que ésta tiene compuesta con su esposo; (c) el propietario del vehículo que alegadamente provocó el accidente, según surge del Registro del Negociado de Vehículos de Motor del Departamento de Obras Públicas, señor Juan Pomales Pomales; (d) la sociedad legal de gananciales que éste tiene compuesta con su esposa; (e) la aseguradora que para la fecha del accidente tuviera una póliza de seguros vigente que cubriera el referido accidente; y (f) los posibles patronos y terceras personas desconocidos que en la eventualidad pudieran resultar ser responsables por los daños allí alegados.
Luego de que la parte co-demandada, aquí recurrida, señora Enid Rosado Torres, contestara la demanda aceptando haber impactado el auto de la señora Ana D. Alemán Figueroa, aunque negando responsabilidad por los daños reclamados en la causa de acción en cuestión, el Tribunal de Primera Instancia celebró una vista el 15 de abril de 1999. Según se desprende de la minuta de la mencionada vista, las partes estipularon lo siguiente: (a) la fecha del accidente; (b) que la señora Ana D. Alemán Figueroa era la parte asegurada; (c) que la co-demandada, señora Enid Rosado Torres, conducía uno de los vehículos; (d) que la compañía aseguradora pagó la cantidad de tres mil dólares ($3,000) "por daños al vehículon; (e) "que la parte demandada aceptó responsabilidad, en cuanto a los daños que sufrió doña Enid, en la parte posterior de su vehículo"; y (f) el estimado de cuatro mil seiscientos seis dólares con treinta y dos centavos ($4,606.32) de la compañía demandante, correspondiente al automóvil conducido por la señora Ana D. Alemán Figueroa. 
Así las cosas, la parte demandante, aquí peticionaria, presentó una moción de sentencia sumaria, conforme las disposiciones de la Regla 36 de Procedimiento Civil. En la referida solicitud se expuso como hechos materiales que no se encuentran en controversia los siguientes: (a) que el día del accidente el vehículo de la señora Ana D. Alemán fue impactado en la parte posterior por un auto manejado por la señora Enid Rosado Torres, provocando ello, a su vez, que el auto de la señora Ana D. Alemán Figueroa impactara al que transitaba frente a su vehículo; (b) que para la fecha del accidente el auto conducido por la co-demandada, señora Enid Rosado Torres, aparecía registrado en el Negociado de Vehículos de Motor del Departamento de Transportación y Obras Públicas como propiedad del co-demandado Juan Pomales Pomales; (c) que para la fecha del accidente la parte demandante tenía expedida una póliza de seguro que cubría los daños ocasionados al auto de la señora Ana D. Alemán Figueroa, en virtud de la cual se pagó a ésta la suma de cuatro mil ciento seis dólares con treinta y dos centavos ($4,106.32) por concepto de los daños sufridos en el accidente en cuestión; y (d) que los daños totales del vehículo asegurado ascendieron a la suma de cuatro mil seiscientos seis dólares con treinta y dos centavos ($4, 606.32). A pesar de que, según surge del expediente del caso de autos, la demandante, aquí peticionaria, no acompañó a su moción en solicitud de sentencia *910 sumaria ningún documento para sustentar los hechos que alegadamente no se encontraban en controversia, dicha parte hizo referencia a la contestación a la demanda y las estipulaciones acordadas en la vista celebrada por el Tribunal de Primera Instancia el 15 de abril de 1998, las cuales se encuentran contenidas en la minuta correspondiente a la misma.
Por su parte, la aquí recurrida adujo como fundamento para oponerse a la sentencia sumaria solicitada, que aun cuando dicha parte admitía haber impactado el automóvil de la señora Ana D. Alemán Figueroa, los daños sufridos no se debieron en su totalidad a la negligencia de la co-demandada, señora Enid Rosado Torres, ya que en el caso de autos hubo concurrencia de culpas, siendo aplicable al mismo la figura de negligencia comparada.
Así las cosas, el 11 de septiembre de 1998, notificada a las partes el 18 de septiembre de 1998, el Tribunal de Primera Instancia emitió resolución declarando no ha lugar la solicitud de sentencia sumaria presentada por la demandante, aquí peticionaria. Inconforme con la anterior decisión, la parte peticionaria acude ante nos, señalando como único error cometido por el foro recurrido lo siguiente:

"Erró el Honorable Tribunal de Primera Instancia al no dictar sentencia sumaria en el presente caso de conformidad a la Regla 36 de las de Procedimiento Civil vigentes."

II
El propósito primordial de nuestro sistema de derecho es la solución justa, rápida y económica de los procedimientos judiciales. Uno de los mecanismos procesales que promueve la disposición de los pleitos de esta forma es la sentencia sumaria, procedimiento regulado por la Regla 36 de las de Procedimiento Civil, el cual permite que se dicte sentencia sin celebrar una vista en los méritos.
Según prescribe la Regla 36.3 de las de Procedimiento Civil, procede dictarse sentencia sumariamente cuando:

"...las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, demostraren que no hay controversia real sustancial en cuanto a ningún hecho material y que como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente."

En cuanto a la sentencia sumaria como remedio, nuestro más Alto Foro ha señalado:

"La sentencia sumaria es remedio extraordinario que sólo debe ser concedido cuando el promovente ha establecido su derecho con claridad y ha quedado demostrado que la otra parte no tiene derecho a recobrar bajo cualquier circunstancia que resulte discernible de las alegaciones que no hayan sido refutadas por la evidencia presentada con la moción. La sentencia sumaria sólo debe dictarse en casos claros, cuando el Tribunal tenga ante sí la verdad sobre todos los hechos pertinentes." 

Al resolver una moción de sentencia sumaria los tribunales deben actuar siempre con cautela. A los fines de resolver dicha moción se considerarán como ciertas las alegaciones contenidas en la demanda. Así, para que proceda el dictamen de una sentencia de forma sumaria, la parte que la solicita viene obligada a demostrar, fuera de toda duda, la inexistencia de controversia real sobre todo hecho pertinente, que a la luz del derecho sustantivo aplicable determinaría una sentencia a su favor, como cuestión de ley. Ante la presentación de una moción solicitando que se dicte sentencia sumaria, un tribunal no podrá juzgar cuestiones de hecho, ya que su autoridad se circunscribe a determinar si hay cuestiones que deben dilucidarse en un juicio plenario. 
Evaluada la totalidad del expediente del caso de autos, resolvemos que en el mismo existe una controversia real en cuanto a ciertos hechos esenciales. Estos son, la alegada negligencia incurrida por la co-demandada, aquí recurrida, señora Enid Rosado Torres, la cual, según aduce la aquí peticionaria, causó los daños reclamados en la demanda, el nexo causal entró dicha actuación u omisión y los daños sufridos y la posibilidad de la aplicabilidad de la figura de negligencia comparada. Como es sabido, para que prospere una causa de acción en virtud del Artículo 1802 del Código Civil resultan esenciales tres requisitos o elementos, a saber: (a) un acto u omisión culposo o negligente; (b) un *911 daño; y (c) un nexo de causalidad entre éstos. 
Aun cuando la parte co-demandada, señora Enid Rosado Torres, admitió en su contestación a la demanda haber impactado el vehículo de la señora Ana D. Alemán Figueroa, ello no necesariamente implica: (a) ni la existencia de un acto u omisión negligente por parte de ésta; (b) ni que dicha actuación u omisión, de existir, constituya la causa eficiente de los daños reclamados; así como tampoco (c) la inexistencia de concurrencia de culpas. Así, tratándose el presente pleito de uno amparado en el referido Artículo 1802 del Código Civil, supra, los anteriores elementos constituyen hechos fundamentales y materiales a tal causa de acción. Sin la concurrencia de éstos un tribunal se encuentra impedido de imponer responsabilidad civil extracontractual.
No existiendo en el expediente del caso de autos base suficiente en la cual un juzgador pueda apoyarse para concluir que la parte co-demandada, señora Enid Rosado Torres, incurrió en una conducta u omisión negligente o culposa, ni la existencia del nexo causal requerido, la pretensión de la aquí peticionaria, a los efectos de que el presente litigio sea atendido en virtud del mecanismo sumario provisto por la Regla 36 de las de Procedimiento Civil, supra, se hace insostenible.
Aprovechamos para recordarle a los tribunales, que en aquellos casos en que se declare sin lugar una solicitud de sentencia sumaria presentada al amparo de la Regla 36 de las Procedimiento Civil, supra, a tono con el mandato de la Regla 36.4 de las de Procedimiento Civil, éstos deben especificar cuáles son los hechos materiales sobre los que no hay controversia sustancial y los hechos materiales que están realmente y de buena fe controvertidos. De esta forma, al momento de la celebración del juicio en su fondo, los hechos así especificados se considerarán probados, lo que propicia, a su vez, el que conforme a lo dispuesto en la Regla 1 de las de Procedimiento Civil los procesos judiciales sean más rápidos y económicos.
En el caso de autos no existe razón o motivo que mueva a este tribunal a asumir su jurisdicción y expedir el auto solicitado.
ni
Por los fundamentos antes expuestos, se deniega la expedición del auto solicitado.
Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General